In the Matter of the Claim of HARRISON B. KENYON, Respondent, against HARRISON B. KENYON, Employer, and THE FEDERAL MUTUAL LIABILITY INSURANCE COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 1, 1932.

*Brown & Gallagher* [*Oscar J. Brown* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General,* and *Abraham Brekstone* of counsel], for the respondents.

PER CURIAM. The claimant is both employer and employee. He was a carpenter and contractor and worked with his men as a carpenter. He was injured while unloading materials for his construction work and has received a schedule award for permanent loss of use of forty per cent of his left hand. The employer elected to include himself under the coverage of his compensation insurance policy and was covered by an indorsement, in which his estimated annual remuneration was stated to be $1,000. The appellant insurance carrier questions the sufficiency of the proof as to an accident arising out of and in the course of the claimant's employment within the hazard covered by the policy. We think there was evidence to sustain an award within the policy coverage. There is

a further question raised by the appellants, however, as to the computation by the Board of the claimant's average weekly wages in the employment, which we think requires a reversal. Concededly the Board has computed his average weekly wages under subdivision 2 of section 14 of the Workmen's Compensation Law. The testimony of the claimant was that with the exception of probably six weeks or two months in the winter, when he would not have steady work, he worked all of the year or substantially so. He also testified that he worked on the jobs as a carpenter and kept his own work time as a carpenter accurately in his time book just as he did for his workmen. His time books for the year previous to the accident and prior thereto showed exactly what his time spent as a carpenter had been worth to him. The total for the year previous to the accident appears to be somewhat less than $1,000, the amount stated in the policy indorsement as his estimated annual remuneration. The payroll reports for various periods between July 12, 1928, and November 3, 1929, in conjunction with claimant's testimony seem likewise to confirm the fact that claimant's earnings as a carpenter for over a year and a half did not exceed $1,000 as annual earnings, or an average weekly wage of $19.25. The Board has found the average weekly wage of claimant was $33.84, " being the prevailing average weekly wage of an employee engaged in the same class of work." (Workmen's Comp. Law, § 14, subd. 2.) The Board should have determined his average weekly wages under subdivision 1 of section 14.

The award shou'd be reversed and the matter remitted, with costs against the State Industrial Board to abide the event.

All concur; McNAMEE, J., not vot ng.

Award reversed and the claim remitted, with costs against the State Industrial Board to abide the event.